Wilfred L. MILLER, and Alban Tractor Company, Inc., Appellants

v.

The PENNSYLVANIA, RAILROAD COMPANY, a corporation, Appellee.

No. 14936.

United States Court of Appeals District of Columbia Circuit.

Argued Sept. 29, 1959.

Decided Nov. 16, 1959.

Bastian, Circuit Judge, dissented.

Mr. Sheldon E. Bernstein, Washington, D. C., with whom Messrs. Arthur S. Feld, Charles Jules Rose and Joseph D. Bulman, Washington, D. C., were on the brief, for appellants.

Mr. James C. McKay, Washington, D. C., with whom Mr. George Blow, Washington, D. C., was on the brief, for appellee.

Before PRETTYMAN, Chief Judge, and FAHY and BASTIAN, Circuit Judges.

PER CURIAM.

After our decision in Miller v. Pennsylvania R.R., 102 U.S.App.D.C. 135, 251 F.2d 376, a new trial was had before the late Judge Kirkland. The jury returned a verdict for plaintiffs, judgment being entered accordingly. After the death of Judge Kirkland, however, Judge Holtzoff, whose direction of a verdict for the defendant had led to our reversal in Miller v. Pennsylvania R.R., supra, set aside the verdict and granted a new trial. Miller v. Pennsylvania R.R., D.C., 161 F.Supp. 633. The case was then tried a third time. The jury found for the Railroad. An appeal from the ensuing judgment brings the case to us again.

A majority of the court is not of opinion that the verdict for plaintiffs after the trial before Judge Kirkland should be reinstated as having been set aside by an abuse of discretion.

■ The judgment for defendant on the third trial, however, is reversed and the case remanded, because of the failure of the trial court to instruct the jury that they should find for the plaintiffs if on the evidence as a whole there was negligence on the part of the Railroad, which was the proximate cause of the collision, in the failure of the Railroad to bring the train to a stop when the peril of Miller was or *should have been* seen. See Miller v. Pennsylvania R.R., 102 U.S. App.D.C. 135, 138, 251 F.2d 376, 379.[1]

■■ The trial court also erred in not permitting the issue of negligence on the part of the fireman to be decided by the jury and in instructing the jury (a) that the engineman had a right to assume plaintiffs' rig was moving and would clear the intersection before the train reached there; (b) that the speed of eighty miles per hour was a proper speed; (c) that the jury had the right to consider whether there is any duty on the part of an engineman to slow down a train on each occasion that he may see a vehicle crossing at an intersection some distance away before he realizes it is stationary; and (d) that they should consider, if such a duty were imposed on him, what effect it would have on the operation of railroad trains.

Other alleged errors claimed to have resulted in an unfair trial we do not consider because these alleged errors are unlikely to recur.

Reversed and remanded.

BASTIAN, Circuit Judge (dissenting).

While I agree with the conclusion that the action of the trial court in setting aside the jury's verdict in the second trial of this case should not be disturbed, I dissent from the conclusion of the majority that the judgment for defendant (appellee) in the third trial should be reversed and the case remanded. Briefly stated, my reasons for disagreeing with the majority are as follows:

1. There was no error, in my opinion, in failing "to instruct the jury that they should find for the plaintiffs if on the evidence as a whole there was negligence on the part of the Railroad, which was the proximate cause of the collision, in the failure of the Railroad to bring the train to a stop when the peril of Miller was or *should have been* seen." The fact is that, because of the curve of the tracks, the time when the vehicle could have been seen and the time when it should have been seen were exactly the same, and the brakes were applied as soon as it was possible to ascertain that the vehicle was stalled. There was evi-

---

1. As we also said:
    "The jury could have found that in the exercise of the care required of the Railroad, the train crew could have seen the equipment stuck on the track in time to have brought the train to a stop. The Maryland courts hold that a defendant railroad is liable if it knew or should have known that a plaintiff was in a position of peril and if by the exercise of due care the railroad could have avoided the injury, though no negligence on its part contributed in any way to plaintiff being in the perilous position. Thus Maryland has held a defendant railroad liable for failing to avoid a collision * * *." 102 U.S.App.D.C. at pages 137–138, 251 F.2d at pages 378–379.

dence of this, and no evidence to the contrary. The fact is that the words "should have been seen" are entirely superfluous, and might well be confusing.

2. I do not believe the trial court erred in not permitting the issue of negligence on the part of the fireman to be decided by the jury, this for the reason that there was shown no negligence whatsoever on his part. He performed the several duties of his job properly.

3. There was no error, in my opinion, in the instructions given to the jury.

(a) It seems clear that, when an engineman discovers a person or vehicle on the track and blows a warning whistle, he is not bound to slow up the train or stop it until he is able to ascertain that the person is unable to extricate himself or his vehicle. See 44 Am.Jur., Railroads, § 470.

(b) The only testimony relating to the speed of the train was that it was proceeding at 80 miles per hour, which was the railroad speed limit in the area. The court told the jury:

"The train was proceeding at eighty miles an hour, which was the established and proper speed in that area."

In addition, the speed of the train up to the point where the engineman saw the stalled vehicle does not seem to have been an issue in the case. I think it may be fairly said that there was evidence that the brakes were properly applied when the engineman was able to ascertain that plaintiff (appellant) was unable to move the vehicle from the tracks.

(c) It certainly seems to me that the jury had the right to consider whether there is any duty on the part of an engineman to slow down a train on each occasion that he may see a vehicle apparently crossing an intersection some distance away and before he realizes it is stationary.

(d) Also, it seems to me that the jury had the right to consider what effect such a duty, even if there were one, would have on the operation of railroad trains. For instance, in Ohrmann v. Chicago & N. W. Ry. Co., 1947, 223 Minn. 580, 27 N.W.2d 806, 811, the court stated that a "train cannot make the time expected and demanded by the public if it slows down whenever a vehicle is seen at or approaching a crossing. * * * [Not] until it becomes apparent to the engineer that a collision is imminent is he required to stop his train." See also Steil Brewing Co. v. Washington, B. & A. R. R., 1913, 120 Md. 419, 87 A. 838.

I would affirm the judgment.